AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER: 8:14-cr-164-T-23EAJ |
| | USM NUMBER: 05252-104 |
| vs. | |
| LEONARD AUSTIN | Defendant's Attorney: Lori Palmieri, Retained |

The defendant pleaded guilty to count thirty-two of the indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering involving health care fraud proceeds | 04/30/2014 | 32 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: February 3, 2015

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: February 3rd, 2015

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: LEONARD AUSTIN  
Case No.: 8:14-cr-164-T-23EAJ

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **thirty-seven (37) months**.

_X_ The court recommends to the Bureau of Prisons: confinement at Pensacola, Florida, separate from the defendant's co-defendants

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.
  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  __ before 2 p.m. on __.
  _X_ as notified by the United States Marshal in one hundred fifty days.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

Defendant: LEONARD AUSTIN
Case No.: 8:14-cr-164-T-23EAJ

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve supervised release for a term of **three (3) years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the court authorizes random drug testing not to exceed 104 tests per year.

_X_  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

_X_  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

Defendant: LEONARD AUSTIN  
Case No.:  8:14-cr-164-T-23EAJ

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

The defendant shall provide the probation officer access to any requested financial information.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

Defendant: LEONARD AUSTIN  Judgment - Page 5 of 6
Case No.: 8:14-cr-164-T-23EAJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100 | waived | $1,389,368* |

__ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk U.S. District Court for distribution to the U.S. Department of Health and Human Services | | $1,389,368* | |
| **Totals:** | | $1,389,368 | |

_X_ Restitution amount ordered pursuant to plea agreement $ 1,389,368.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_X_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  _X_ the interest requirement is waived for the ___ fine _X_ restitution.

  _ the interest requirement for the ___ fine ___ restitution is modified as follows:

*Restitution is joint and several with David Brock Lovelace (1), Terri Lynn Schneider (2), Gregory Sylvestri (3), and Illya Jackson (5), co-defendants in this action.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: LEONARD AUSTIN  
Case No.: 8:14-cr-164-T-23EAJ  
Judgment - Page  6  of  6 

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  _X_  Lump sum payment of $ _100_ due immediately.

B.  __   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  __   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  _X_  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $150 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the court of a material change in the defendant's ability to pay, and the court may adjust the payment schedule accordingly.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_ Joint and Several with David Brock Lovelace (1), Terri Lynn Schneider (2), Gregory Sylvestri (3), and Illya Jackson (5), co-defendants in this action.

_   The defendant shall pay the cost of prosecution.  
_   The defendant shall pay the following court cost(s):

_X_ The defendant shall forfeit the defendant's interest in the following property to the United States:  
See the January 22, 2015 forfeiture money judgment (Doc. 156) attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-164-T-23EAJ

LEONARD AUSTIN
_____/

## ORDER

Austin pleaded guilty to count thirty-two of the indictment (conspiracy to commit money laundering involving health care fraud proceeds), a violation of 18 U.S.C. § 1956(h). The United States has established that Austin obtained $1,389,368 from the conspiracy.

The United States moves (Doc. 154) under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for entry of a forfeiture money judgment in the amount of $1,389,368, which upon entry shall be a final order of forfeiture. The motion for entry of a forfeiture money judgment is **GRANTED**. Under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, Austin is liable — jointly and severally with any subsequently convicted co-conspirator — for a forfeiture money judgment in the amount of $1,389,368.

The United States may seek, as a substitute asset in satisfaction of this judgment, forfeiture of any of Austin's property up to the value of the money

judgment. The court retains jurisdiction to enter any order necessary to the forfeiture and disposition of any substitute asset.

ORDERED in Tampa, Florida, on January 22, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE