# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | CASE NUMBER: 8:14-cr-164-T-23EAJ |
| vs. | USM NUMBER: 05251-104 |
| GREGORY J. SYLVESTRI | Defendant's Attorney: Dale R. Sisco, Retained |

The defendant pleaded guilty to counts thirty-two (32) and forty-four (44) of the indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering involving health care fraud proceeds | 04/30/2014 | 32 |
| 18 U.S.C. § 1957 | Money laundering involving health care fraud proceeds | 08/09/2012 | 44 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts forty (40), forty-one (41), forty-two (42), forty-three (43), and forty-five (45) are dismissed in accord with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: February 4, 2015

_/s/ Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: February 4th, 2015

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: GREGORY J. SYLVESTRI                                        Judgment - Page 2 of 6
Case No.:   8:14-cr-164-T-23EAJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **fifty-seven (57) months as to each count, concurrent.**

__X__ The court recommends to the Bureau of Prisons: confinement (1) at the minimum security facility in Coleman, Florida, or (2) at the nearest minimum security facility other than Pensacola

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.
   __ at __ a.m./p.m. on __.
   __ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   __ before 2 p.m. on __.
   __X__ as notified by the United States Marshal in one hundred fifty days.
   __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


                                          _____
                                                United States Marshal

                                          By:_____
                                              Deputy United States Marshal

Defendant: GREGORY J. SYLVESTRI  
Case No.: 8:14-cr-164-T-23EAJ

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve supervised release for a term of **three (3) years as to each count, concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the court authorizes random drug testing not to exceed 104 tests per year.

| | |
|---|---|
| X | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. |
| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. |

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

Defendant: GREGORY J. SYLVESTRI  
Case No.: 8:14-cr-164-T-23EAJ

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

The defendant shall provide the probation officer access to any requested financial information.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

Defendant: GREGORY J. SYLVESTRI  
Case No.: 8:14-cr-164-T-23EAJ

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $200 | waived | $2,848,424* |

___ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk U.S. District Court for distribution to the U.S. Department of Health and Human Services CMS Division of Accounting Operations P.O. Box 7520 Baltimore, MD 21244 | | $2,848,424* | |
| Totals: | | $2,848,424 | |

_X_ Restitution amount ordered pursuant to plea agreement $ 2,848,424.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_X_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  _X_ the interest requirement is waived for the ___ fine  _X_ restitution.

  _ the interest requirement for the ___ fine ___ restitution is modified as follows:

*Restitution is joint and several with David Brock Lovelace (1), Terri Lynn Schneider (2), Leonard Austin (4), and Illya Jackson (5), co-defendants in this action.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: GREGORY J. SYLVESTRI  Judgment - Page 6 of 6
Case No.:  8:14-cr-164-T-23EAJ

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ _200_ due immediately.

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $200 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the court of a material change in the defendant's ability to pay, and the court may adjust the payment schedule accordingly.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_ Joint and Several with David Brock Lovelace (1), Terri Lynn Schneider (2), Leonard Austin (4), and Illya Jackson (5), co-defendants in this action.

___ The defendant shall pay the cost of prosecution.
___ The defendant shall pay the following court cost(s):

_X_ The defendant shall forfeit the defendant's interest in the following property to the United States:
See the January 22, 2015 forfeiture money judgment and preliminary order of forfeiture (Doc. 158) attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-164-T-23EAJ

GREGORY J. SYLVESTRI
_____/

FORFEITURE MONEY JUDGMENT
and
PRELIMINARY ORDER OF FORFEITURE

Sylvestri pleaded guilty[1] to count thirty-two (conspiracy to commit money laundering involving health care fraud proceeds — 18 U.S.C. § 1956(h)) and count forty-four (money laundering involving health care fraud proceeds — 18 U.S.C. § 1957) of the indictment. The indictment (Doc. 1) contains a forfeiture allegation and provides Sylvestri with notice that the United States seeks a money judgment and forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

The United States moves (Doc. 153) under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure (1) for entry of a $2,848,424 forfeiture money judgment, which represents the amount of proceeds obtained from or involved in the offense charged in count thirty-two. Because the United States has

---

[1] In his plea agreement (Doc. 116), Sylvestri agrees to entry of a $2,848,424 forfeiture money judgment and to forfeiture of a platinum diamond ring featuring one radiant cut diamond with a carat weight of 4.01 and 106 accenting diamonds.

established that $2,848,424 was obtained from or involved in the offense charged in count thirty-two, the motion for entry of a forfeiture money judgment is **GRANTED**. Sylvestri is liable — jointly and severally with any subsequently convicted co-conspirator — for a forfeiture money judgment in the amount of $2,848,424.

The United States also moves for a preliminary order of forfeiture, which upon entry shall be a final order as to Sylvestri, for a platinum diamond ring, purchased by Sylvestri with offense proceeds and featuring one radiant cut diamond with a carat weight of 4.01 and 106 accenting diamonds. The United States has established the required connection between the crimes of conviction and the diamond ring and is entitled to forfeiture of the ring. The motion for a preliminary order of forfeiture is **GRANTED**. Under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the ring is forfeited to the United States for disposition according to law. Sylvestri's forfeiture money judgment will be reduced by the net proceeds from the sale of the ring.

Jurisdiction is retained to the extent necessary to complete the forfeiture and disposition of the ring and any substitute asset the United States is entitled to forfeit in satisfaction of the forfeiture money judgment.

ORDERED in Tampa, Florida, on January 22, 2015.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE